# UNITED STATES DISTRICT COURT

for the

Eastern District of California

**SEALED**

FILED
JAN 23 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
       DEPUTY CLERK

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Five (5) Rounds of Federal 357 Ammunition and<br>Two (2) Rounds of Federal 12 Gauge Shotgun<br>Shells | ) <br> ) <br> ) Case No.<br> ) <br> ) **1:18 SW 00030 SKO** |

## APPLICATION FOR A WARRANT
## TO SEIZE PROPERTY SUBJECT TO FORFEITURE

I, a federal law enforcement officer or attorney for the government, request a seizure warrant and state under penalty of perjury that I have reason to believe that the following property in the __EASTERN__ District of __CALIFORNIA__ is subject to forfeiture to the United States of America under __18__ U.S.C. § __924(d)(1)__ *(describe the property)*:

Five (5) rounds of Federal 357 ammunition and two (2) rounds of Federal 12 Gauge Shotgun Shells, which are subject to seizure pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 853(f), and subject to forfeiture pursuant to 21 U.S.C. § 853, concerning a violation of Title 21 United States Code, Section 841 and 846.

The application is based on these facts:

See attached affidavit of Elizabeth Cisneros, Federal Task Force Officer, Drug Enforcement Administration.

☑ Continued on the attached sheet.

_____
*Applicant's signature*

Elizabeth Cisneros, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __January 23, 2018__

City and state: __Fresno, California__

_____
*Judge's signature*

Sheila K. Oberto, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF ELIZABETH CISNEROS IN SUPPORT OF SEIZURE WARRANT**

I, Elizabeth Cisneros, being first duly sworn under oath, depose and say:

### I. Introduction and Agent Background

1. I am a Deputized Task Force Officer for the Drug Enforcement Administration (DEA), assigned to the High Intensity Drug Trafficking Area group (HIDTA), and have been so assigned since April 2017. I have been employed with the Kings County Sheriff's Office since May 2006. Prior to this assignment, I was assigned to the Kings County Sheriff Narcotics Task Force Team for about a year and a half. My law enforcement training began in August 2005, when I attended the Police Academy at College of the Sequoias in Visalia, California. This course was over 24 weeks long from August 2005, through February 2006, and consisted of basic police and criminal law training. I have received special training in the methods used by drug traffickers to illegally produce, transport, and distribute marijuana and other controlled substances. I am familiar with, and have participated in, all the formal methods of investigations, including but not limited to, electronic surveillance, visual surveillance, general questioning of witnesses, search warrants, confidential informants, and the use of undercover agents. I have participated in investigations involving organizations trafficking in controlled substances.

### II. Property to Be Seized

2. This affidavit is made in support of a seizure warrant for the following property:
   (1) **Mossberg 12 gauge shotgun, bearing serial number K195815 ("the Shotgun"),**
   (2) **Taurus 357 revolver, bearing serial number IT51571 ("the Revolver"), and**
   (3) **Five (5) rounds of Federal 357 ammunition, and two (2) rounds of Federal 12 gauge shotgun rounds**

(collectively, "the Firearms and Ammunition") on grounds that the firearms and ammunition were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*

### III. Forfeiture Legal Authority

3. Pursuant to Title 21, United States Code, Sections 841 and 846, it is unlawful for any person to knowingly or intentionally manufacture or distribute or possess with the intent to distribute a controlled substance, or to conspire to do the same. 21 U.S.C. §§ 841 and 846.

///

4. All moneys, negotiable instruments, securities, or other things of value used or intended to be used to facilitate any violation of the Controlled Substances Act are forfeitable to the United States. 21 U.S.C. § 853(a).

5. Title 18, United States Code, Section 981(b) authorizes the seizure of property upon a probable cause showing that the property is subject to forfeiture. Such seizure may be made pursuant to a warrant obtained in the same manner as provided for a search warrant under the Federal Rules of Criminal Procedure. 18 U.S.C. § 981(b).

6. Notwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, a seizure warrant may be issued by a judicial officer in any district in which a forfeiture action against the property may be filed and may be executed in any district in which the property is found. 18 U.S.C. § 981(b)(3).

7. The facts set forth in this affidavit are known to me as a result of reviewing official reports, documents, and other evidence obtained as a result of the investigation, and through conversations with other agents and detectives who have participated in this investigation and I have determined the following:

## IV. Statement of Probable Cause

8. On November 9, 2017, a Corcoran police officer conducted a car stop of a white SUV for failure to display a rear license plate, in violation of California Vehicle Code § 5200(a). The officer approached the driver, who was identified as Victor Hugo Azdar Martinez (hereafter "Martinez"). The officer advised Martinez of the reason for the stop, to which Martinez responded that he just purchased the vehicle from a pick-a-part place.

9. The officer contacted dispatch to run a Department of Motor Vehicles check on Martinez. Dispatch advised the officer that Martinez' driver's license was suspended. Martinez was advised of his suspended license. Martinez stated that he knew his license was not good, but that he needed to move his vehicle. Martinez stated that he was going to stay with his children's mother in Hanford, California, but was not able to provide an address. The officer asked Martinez where he currently lived, to which Martinez answered that he was staying with a friend named Jessie, but did not know Jessie's last name or address.

10. At this time, a Corcoran Police Department sergeant arrived on scene to provide assistance. The officer asked Martinez to step out of his vehicle. Martinez complied and was escorted by the officer to the patrol unit. The officer asked Martinez whether there was anything illegal in his vehicle. Martinez answered that there was an open beer in the vehicle left by his friend. The officer asked Martinez if there were any drugs or guns in the vehicle. Martinez shook his head, indicating a "no" answer. The officer asked Martinez for permission to search his vehicle. Martinez did not answer. The officer asked a second time. Martinez answered, "Go ahead."

11. The officer opened the driver side door of the SUV and commenced a search. The officer opened the center console and observed a clear plastic baggie that contained a white crystallized substance and a glass smoking pipe next to the baggie. Based on training and experience, the officer believed the white substance to be methamphetamine and recognized the glass smoking pipe to be used to ingest methamphetamine. The officer handcuffed Martinez and placed him under arrest. The officer conducted a search of Martinez' person. The officer located a large amount of U.S. currency in both of his Martinez' front pants pockets. The U.S. Currency totaled $8,053.00 in various denominations. The officer located a black LG cell phone on Martinez' person. The officer concluded his search of Martinez and resumed his search of the SUV.

12. The sergeant assisted the officer with the search of the SUV. The sergeant located a Shotgun and Shotgun shells in the SUV. The officer located a clear plastic bag of marijuana in the center console, along with an LG cellular phone. The officer weighed the marijuana which totaled 14.4 grams. The officer located a black plastic baggie of marijuana in a black jacket on the back seat. The marijuana in the black plastic baggie weighed 8 grams.

13. The officer moved his search to the back seat of the SUV. There, the officer located the Revolver in the back pocket of the front passenger seat. The Taurus had five Federal 357 magnum rounds in the revolver. Dispatch confirmed to the officer that the firearm was not reported stolen, and was registered to Scott Wagner in Riverdale, California. The officer contacted the Fresno County Sheriff's Office who confirmed to the officer that Scott Wagner did not know that his firearm was missing and that a theft report would be made. The Taurus revolver and the shotgun were seized as evidence.

///

14. The officer continued his search of the back seat and observed a compartment latch that was not completely closed. The officer observed a piece of yellow plastic sticking out from the compartment. The officer opened the compartment and removed the yellow baggie and located two large zip lock baggies with crystallized substances within each baggie. Based on training and experience the officer believed the substance within the baggies was methamphetamine. The officer weighed the substance which totaled 667.8 grams, which is a distribution weight. The officer tested the substance from each baggie which tested positive the presence of methamphetamine.

15. Martinez was booked into the Kern County Jail for various narcotics violations, carrying concealed firearm in a vehicle, concealing a stolen firearm, and possession of stolen property.

16. On January 11, 2018, a Federal Grand Jury in the Eastern District of California, indicted Martinez for violations of 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine. The criminal case of <u>United States v. Victor Hugo Azdar Martinez</u>, 1:18-CR-00004-DAD-BAM is pending.

17. Based on training and experience drug dealers commonly use firearms while facilitating drug exchanges and while couriering drugs to an exchange location.

### V. Conclusion

18. Based on the evidence presented in this affidavit, it is my opinion that the firearms and ammunition described in this Affidavit were used to facilitate such criminal offenses, as described with more particularity above. Thus, there exists probable cause to indicate that the firearms and ammunition were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841, *et seq.*, and that a seizure warrant be issued for the firearms and ammunition.

ELIZABETH CISNEROS
Deputized Task Force Officer
Drug Enforcement Administration

Sworn to and Subscribed before me this 23rd day of January 2018.

HON. SHEILA K. OBERTO
United States Magistrate Judge

Reviewed and approved as to form.

_____
VINCENZA RABENN
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

**SEALED**

| | |
|---|---|
| In the Matter of the Seizure of<br>*(Briefly describe the property to be seized)*<br>Five (5) Rounds of Federal 357 Ammunition and<br>Two (2) Rounds of Federal 12 Gauge Shotgun Shells | Case No.<br>1: 18 SW 0 0 0 3 0 SKO |

COPY ISSUED

## WARRANT TO SEIZE PROPERTY SUBJECT TO FORFEITURE

To: Any authorized law enforcement officer

   An application by a federal law enforcement officer or an attorney for the government requests that certain property located in the _____EASTERN_____ District of _____CALIFORNIA_____ be seized as being subject to forfeiture to the United States of America. The property is described as follows:

Five (5) Rounds of Federal 357 Ammunition and Two (2) Rounds of Federal 12 Gauge Shotgun Shells

   I find that the affidavit(s) and any recorded testimony establish probable cause to seize the property.

   **YOU ARE COMMANDED** to execute this warrant and seize the property on or before _____
   *(not to exceed 14 days)*

   ☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

   Unless delayed notice is authorized below, you must also give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

   An officer present during the execution of the warrant must prepare, as required by law, an inventory of any property seized and the officer executing the warrant must promptly return this warrant and a copy of the inventory to
   ___Any U.S. Magistrate in the Eastern District of California___ .
   *(United States Magistrate Judge)*

   ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: January 23, 2018 at 2:12 p.m.

Judge's signature: *[signed]*

City and state:  Fresno, California     Sheila K. Oberto, U.S. Magistrate Judge
                                        *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of:

Inventory of the property taken:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*